IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD ALAN CASTRO,                                    CV. 06-191-HU

               Petitioner,          FINDINGS AND RECOMMENDATION

    v.

GUY HALL,

               Respondent.

HUBEL, Magistrate Judge

    Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) should be denied and this proceeding dismissed, with prejudice.

## BACKGROUND

    On October 5, 2001, following a guilty plea, petitioner was convicted in Lane County Circuit Court of Burglary in the First Degree and Assault in the Second Degree. Petitioner was sentenced to a 65-month term of imprisonment on the burglary conviction, and a consecutive 70-month sentence on the assault conviction. Four

1 -- FINDINGS AND RECOMMENDATION

additional counts were dismissed as a result of the plea negotiations.

Petitioner filed a notice of appeal, which he later voluntarily dismissed. Petitioner's subsequently sought state post-conviction relief. In his amended petition for state post-conviction relief, petitioner set forth the following grounds for relief:

1.  Consecutive sentences violate due process because they relate to the same incident;

2.  Trial court failed to ensure that petitioner receive a fair and impartial hearing;

3.  Trial court failed to state the minimum and maximum sentences;

4.  Trial counsel was ineffective because he failed to (a) fully and properly investigate and prepare for trial or allow petitioner to assist in the preparation; (b) make appropriate motions and objections and obtain an expert on drug use; (c) adequately represent petitioner at his plea and sentencing; (d) explain the ramifications of a guilty plea; and (e) challenge the erroneous classification of a prior conviction for sentencing purposes; and

5.  Appellate counsel was ineffective because he failed to assign as error the trial court's failure to state the minimum and maximum sentences.

Resp. Exhs 106 at 2-4, and 119 at 6-7.

The post-conviction court held that petitioner's grounds for relief 1-3, concerning the legality of his sentence and the sentencing hearing, were procedurally barred due to his failure to challenge his sentence on direct appeal. Resp. Exh. 119 at 6.

2 -- FINDINGS AND RECOMMENDATION

The post-conviction court rejected petitioner's ineffective assistance claims on the merits. Id. at 20-26.

On appeal to the Oregon Court of Appeals, petitioner's counsel raised two claims of ineffective assistance of counsel (grounds 4(a) & (e) above). Resp. Exh. 121. Specifically, counsel argued that trial counsel was ineffective for failing to (1) investigate and prepare as a possible defense that the victim's injuries were self-inflicted and that she was prone to violent outbursts; and (2) challenge the erroneous classification of a prior conviction or petition to reduce that conviction prior to sentencing.

In a supplemental pro se brief, petitioner also alleged that trial counsel was ineffective for failing to properly investigate and prepare for trial, but set forth additional bases for the claim, including that counsel failed to (1) obtain records from prior court proceedings; (2) obtain police reports of prior assaults against him by the victims; (3) develop defense theories including self-defense and that petitioner was injured and unable to inflict the alleged harm; and (4) interview neighbors. Petitioner raised a second assignment of error concerning an alleged conflict of interest by a former attorney, and a third assignment challenging the amount of restitution.

The Oregon Court of Appeals affirmed the decision of the post-conviction court, without opinion. Castro v. Schiedler, 201 Or. App. 299, 120 P.3d 29 (2005). Petitioner's counsel filed a

petition for review with the Oregon Supreme Court, raising the two grounds of ineffective assistance of counsel previously raised, and incorporating by reference petitioner's *pro se* supplemental brief. The Oregon Supreme Court denied review. Castro v. Schiedler, 339 Or. 700, 127 P.3d 1202 (2005).

In the instant proceeding, petitioner raises four grounds for relief: (1) due process and equal protection; (2) ineffective assistance of counsel; (3) denial of a full and fair state post-conviction hearing; and (4) denial of a fair assessment of fees and costs. In his supporting memorandum, petitioner addresses only his claim of ineffective assistance of counsel.

**DISCUSSION**

**I.    Procedurally Defaulted Claims.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred

under applicable state rules, the federal claims are procedurally defaulted. <u>Casey</u>, 386 F.3d at 920; <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. <u>Coleman</u>, 501 U.S. at 729-30; <u>Bennett v. Mueller</u>, 322 F.3d 573, 580 (9th Cir.), <u>cert. denied</u>, 540 U.S. 938 (2003).

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1139 (9th Cir. 2007), <u>petition for cert. filed</u>, (March 21, 2008); <u>Coleman</u>, 501 U.S. at 750.

**A.    Ground for Relief One.**

In ground for relief one, petitioner alleges that he was denied due process and equal protection because (1) his guilty plea was not knowing and voluntary; (2) his sentence was excessive; and (3) his conviction resulted in improper and unlawful restitution.[1]

Petitioner failed to challenge the voluntary and knowing nature of his guilty plea in the state post-conviction proceeding.

---

[1]  Petitioner also alleges that he was denied due process and equal protection due to the cumulative errors of trial counsel. This allegation is addressed under ground for relief two.

Petitioner cannot now bring a second state post-conviction proceeding to raise this claim. O.R.S. 138.510(3) & 138.550(3) (2007). Accordingly, the claim is procedurally defaulted.

Petitioner challenged his consecutive sentences in the state post-conviction proceeding. However, the post-conviction court rejected the claim on the basis that the claim should have been raised on direct appeal and was not, rendering it barred by O.R.S. 138.550. See Stroup v. Hill, 196 Or. App. 565, 569-70, 103 P.3d 1157 (2004), rev. denied, 338 Or. 432 (2005). Accordingly, the claim is barred in this proceeding by an independent and adequate state procedural rule.

Petitioner's challenge to the restitution order was a trial court error that should have been, but was not, raised on direct appeal. Moreover, petitioner did not challenge the restitution order in his amended petition for state post-conviction relief. Although petitioner raised the claim in his *pro se* supplemental brief to the Oregon Court of Appeals and Supreme Court, on appeal from the denial of post-conviction relief, it was presented in a procedural context in which it would not be considered. See Oregon Rule of Appellate Procedure 5.45(4)(a) (each assignment of error shall demonstrate that issue was preserved in lower court); Castille v. Peoples, 489 U.S. 346, 351 (1989).

For all of these reasons, the entirety of ground for relief one is procedurally defaulted. Petitioner's assertion that

appellate or post-conviction counsel caused his procedural default does not constitute "cause" sufficient to excuse this procedural default. <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986) (ineffective assistance of appellate counsel constitutes "cause" only if it has first been raised and exhausted in state court); <u>Smith</u>, 510 F.3d at 1146-47 (attorney ineffectiveness in state post-conviction proceeding does not constitute "cause" because there is no constitutional right to counsel in state collateral proceedings).

In this regard, I reject petitioner's suggestion that "cause" for his procedural default exists because post-conviction counsel's omissions constitute an external objective factor that cannot be attributed to him. Post-conviction counsel's alleged failure to "develop the issues" is not the type of egregious error that would support a finding that counsel was not acting as petitioner's agent. Accordingly, any ineffectiveness on the part of post-conviction counsel does not constitute "cause" sufficient to excuse petitioner's procedural default. <u>Smith</u>, 510 F.3d at 1147 & n.14; <u>Butcher v. Czerniak</u>, 2006 WL 176753 *2-*3 (D.Or. 2006); <u>Worley v. Thompson</u>, 2005 WL 3019498 *3 (D.Or. 2005); <u>Thomas v. Cook</u>, 2004 WL 1723948 *1-*2 (D.Or. 2004).

**B.  Ground for Relief Two.**

Petitioner's second ground for relief, alleging ineffective assistance of counsel, contains multiple sub-parts some of which

are duplicative and many of which are procedurally defaulted. After reviewing petitioner's amended petition for post-conviction relief and his deposition from that proceeding, I conclude that the following sub-parts are procedurally defaulted due to petitioner's failure to fairly present them to the state post-conviction court:

-failure to review validity of prior conviction obtained in case where petitioner was represented by counsel with a conflict of interest;

-failure to move for funds to secure expert medical witness;

-failure to move for continuance;

-failure to *present* mitigating and exculpatory evidence;

-misrepresentation and withholding of information from petitioner;

-failure to use prior inconsistent testimony to cast doubt on validity of indictment;

-failure to *subpoena* witnesses to impeach state witnesses;

-not present when restitution set;

-failure to loyally represent petitioner when he agreed to meet with settlement judge;

-failure to enter into the record the fact that petitioner wanted to plead no contest rather than guilty; and

-failure to investigate/familiarize himself with petitioner's injuries/limitations.

Resp. Exhs. 106 & 117; see also Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005), cert. denied, 126 S.Ct. 2984 (2006) (individual claims of ineffectiveness must be exhausted).

8 -- FINDINGS AND RECOMMENDATION

Additionally, the following sub-parts are procedurally defaulted due to petitioner's failure to raise them on appeal from the denial of post-conviction relief in either his counseled brief or his *pro se* supplemental brief:

-failure to advise petitioner of potential defenses;

-failure to advise petitioner of elements of defense;

-failure to raise objections; and

-failure to advise petitioner of rights he was waiving with plea.

Resp. Exhs. 121 & 122.

As noted above, petitioner has made no showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the court declines to review these defaulted claims. Accordingly, federal habeas relief is not warranted as to the above grounds of ineffective assistance of counsel.

**C.    Ground for Relief Three.**

In his third ground for relief, petitioner complains that he was denied due process in his state post-conviction proceeding. Specifically, petitioner complains that witnesses were not called and the proceeding was conducted by video conference. This ground for relief is procedurally defaulted due to petitioner's failure to raise an objection at the state post-conviction proceeding, or to assign error on appeal to the Oregon Court of Appeals and Supreme Court. Petitioner has failed to demonstrate any basis for

relieving his procedural default.  Accordingly, federal habeas relief is not warranted.  Moreover, petitioner has made no showing as to how this attack on the post-conviction proceeding relates to the legality of his detention.  See Franzen v. Brinkman, 877 F.2d 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989) (errors in state post-conviction proceedings are not addressable through federal habeas relief).

**D.   Ground for Relief Four.**

In his fourth ground for relief, petitioner complains that the trial court imposed an incorrect assessment of fees and costs. This ground for relief is an alleged trial court error that should have been, but was not, raised on direct appeal.  Petitioner raised it for the first time in his appeal from the denial of post-conviction relief.  Hence, it was presented to the state courts in a procedural context in which it would not be considered.  See Oregon Rule of Appellate Procedure 5.45(4)(a).  Petitioner offers no basis for excusing his procedural default.  Additionally, habeas relief is not warranted because the claim fails to raise a federal constitutional claim.  See Bonin v. Calderon, 77 F.3d 1155, 1161 (9th Cir.), cert. denied, 516 U.S. 1143 (1996) ("[f]ederal habeas corpus relief does not lie for errors of state law, unless the error amounts to a deprivation of petitioner's constitutional rights").

///

**II.  The Merits.**

The properly exhausted claims of ineffective assistance of counsel which remain are as follows:

1.  Failure to fully and properly investigate and prepare a defense, including:

> -locating police reports from prior altercations with the victims, statement by victim in prior court proceeding, and the victim's medical/hospital records;

> -subpoena or secure expert witnesses on victim's drug use and mental health issues;

> -locating and investigating eyewitnesses; and

> -investigating self-defense as a potential defense;

2.  Failure to petition court in Hood River to reduce prior felony conviction to misdemeanor.

A claim of ineffective assistance of counsel, in the guilty plea context, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1987); <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather then go to trial will depend on the likelihood

that discovery of the evidence would have led counsel to change his recommendation as to the plea." <u>Hill</u>, 474 U.S. at 59.

**A.    Failure to Investigate and Prepare for Trial**.

At the state post-conviction proceeding, the state offered the affidavit of petitioner's trial counsel who set forth in length the investigation which was undertaken on petitioner's behalf:

> Interviews were conducted by our investigator with the victims and the state's witnesses. I was familiar with the police reports and the correspondence with petitioner's former girlfriend, a victim in the case. I went through the discovery with petitioner and discussed each and every aspect of the case with him. Petitioner fully assisted and cooperated in the preparation of his defense. Petitioner had no "earlier trial." There was no previous trial in this case. Petitioner's prior convictions were by plea and stipulated facts. The records of those cases were pulled, copied, reviewed and ready for use at petitioner's trial if required.

> This was not a drug case. There was an issue of alcohol intoxication concerning the victims and witnesses. However, the fundamental issues were petitioner's conduct and intent in preparing a weapon-an axe handle, bringing that weapon and using that weapon in this crime, as well as the severity of the injuries petitioner's girlfriend sustained.

> * * * * *

> I obtained all discovery pretrial, and provided copies to petitioner. * * * An appropriate demand for discovery was made by letter rather than by motion. This is the usual practice in Lane County, although not the exclusive practice.

> The defense received the police reports from the March 21, 2001, Assault IV incident between petitioner and Lissa Bruckner. * * * We were unable to obtain any incident reports from any other contact between petitioner and Ms. Bruckner for the period between March, 2001 and June, 2001 (the incident date).

I did not subpoena either Dr. Maier or Dr. Letovsky. My notes indicate that there was some discussion of Dr. Letovsky-he treated Lissa Bruckner for fibromyalgia. The relevance of this information was considered doubtful.

A defense investigator was obtained for this case. All witnesses/victims were contacted; however, little cooperation was obtained. Witnesses refused to cooperate or were determined to be hostile and unhelpful to the defendant. The investigator and I could not force cooperation nor could we produce unavailable witnesses.

Resp. Exh. 115 at 1-3.

At the conclusion of the post-conviction proceeding, the trial judge concluded that trial counsel provided a competent defense:

Petitioner has failed to demonstrate that anything exists which was not discovered which would be to his benefit.

Defense counsel hired an investigator who conducted interviews with the victims and the State's witnesses, some cooperated and some refused.

Defense counsel familiarized himself with the police reports and correspondence from the victim, the Petitioner's former girlfriend. There was no earlier trial, and thus no transcripts to obtain.

Resp. Exh. 119 at 21-22 & 26.

Petitioner has failed to rebut, with clear and convincing evidence, the state post-conviction court's factual findings that (1) trial counsel properly sought and familiarized himself with the relevant discovery; (2) trial counsel hired an investigator who interviewed the witnesses; and (3) petitioner failed to demonstrate that beneficial discovery exists which was not discovered by trial counsel. See 28 U.S.C. § 2254(e)(1) (state court's factual

findings presumed correct unless rebutted with clear and convincing evidence). Petitioner's conclusory allegations, that neighbors might have offered testimony relevant to a claim of self-defense, or that doctors might have offered testimony to support his theory that one of the victim's wounds were self-inflicted, do not suffice to rebut the state court's findings.

Moreover, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's omissions, he would not have pled guilty.[2] Although petitioner expressed reluctance to plead guilty at the trial level, petitioner acknowledged that his plea was motivated by his desire to avoid the possibility of a considerably longer sentence. Resp. Exh. 104 at 8.

In sum, petitioner has failed to demonstrate that the state court's conclusion that trial counsel represented petitioner competently is either contrary to, or an unreasonable application

---

[2] Petitioner's request for an evidentiary hearing, to develop facts to support his ineffective assistance claims, is denied due to petitioner's failure to satisfy the conditions of § 2254(e)(2). Specifically, petitioner has made no showing that he made an attempt to investigate and discovery the evidence he seeks to present in this court. Any negligence on the part of post-conviction counsel in this regard is chargeable to petitioner. Holland v. Jackson, 542 U.S. 649, 653 (2004). Petitioner's reliance upon Alcorn v. Smith, 781 F.2d 58 (6th Cir. 1986), a pre-AEDPA case addressing the issue of procedural default, is misplaced.

of clearly established federal law.   28 U.S.C. § 2254(d)(1).

Accordingly, habeas relief is not warranted.[3]

**B.    Failure to Petition Court to Reduce Prior Conviction.**

In 1992, petitioner was convicted in Hood River of Assault in the Third Degree and placed on probation.  Under the terms of the judgment, petitioner could petition the circuit court to reduce the conviction to a misdemeanor after he successfully completed probation.  Resp. Exh. 109 & 118.

In the instant proceeding, petitioner complains that trial counsel was ineffective for failing to petition the Hood River Circuit Court for a reduction of the assault conviction prior to petitioner being sentenced in Lane County.  Habeas Petition at 7-E. Petitioner contends that had counsel done so, the conviction would have been reduced to a misdemeanor thereby reducing petitioner's sentencing grid in the Lane County proceeding.

The post-conviction court rejected this claim, finding that "[a]lthough the Petitioner could have petitioned the sentencing court to reduce the felony to a misdemeanor upon successful completion of probation, Petitioner did not do so and thus for sentencing purposes the conviction remained a felony." Resp. Exh. 119 at 24.

---

[3] Because petitioner's ineffective assistance claims are meritless, there can be no relief under the cumulative error doctrine.  <u>Mancuso v. Olivarez</u>, 292 F.3d 939, 957 (9th Cir. 2002).

Petitioner offers no evidence to rebut the trial court's finding that petitioner's Hood River conviction was properly treated as a felony.  There is nothing in the record to indicate that petitioner has ever moved to have the sentence reduced so as to demonstrate counsel's deficiency in failing to do so prior to his sentencing in Lane County.  In the absence of some evidence that counsel could have successfully moved to have the sentence reduced prior to sentencing, the state court's conclusion that counsel was not constitutionally deficient in failing to petition the Hood River Circuit Court is neither contrary to, nor an unreasonable application of clearly established federal law.

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) should be denied, and this proceeding dismissed, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due May 22, 2008.  If no objections are filed, the Findings and Recommendations will go under advisement on that date.

///

///

///

///

16 -- FINDINGS AND RECOMMENDATION

If objections are filed, a response to the objections is due June 5, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this _7th___ day of May, 2008.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge